NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TONI CLARK, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-05484 (JAP) |
| JUDGE LINARES, CHIEF JUDGE SIMANDLE, ANDREA WALKER, | : | **OPINION** |
| Defendants. | : | |

Plaintiff Toni Clark ("Plaintiff") seeks to bring this action *in forma pauperis*. Based upon her affidavit of indigence, this Court finds that Plaintiff should be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and therefore directs that Plaintiff's Complaint be filed. At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(ii), to determine whether the action should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons discussed below, the Court finds that this action should be dismissed.

**I. Background**

Plaintiff brings this action against Judge Jose Linares, Judge Jerome Simandle, and Andrea Walker, Deputy-in-Charge (together, the "Defendants"). To the extent that a theme can be gleamed from the Complaint, it appears that Plaintiff alleges that each of the Defendants acted unethically by somehow working to prevent Plaintiff from prevailing in various underlying lawsuits.

Specifically, Plaintiff alleges that Judge Linares acted corruptly and unethically by

allowing a party to remove a case to the federal district court.  She thereafter alleges that he intentionally tried to prevent her from filing both an appeal to that removal and an additional, new lawsuit against him by denying her application to proceed *in forma pauperis* because she did not sign the application.  Plaintiff, however, alleges that, while she did fail to sign one of the applications, she had filed an earlier application that she had signed.  She therefore contends that Judge Linares delayed her appeal "by trying to sabotage" her documents from being filed and "misuse[d] his official position to secure an advantage for himself."  Plaintiff further alleges that Defendant Walker acted unethically by telling her certain information about how to file her complaint and what form her complaint should be in.  She contends that Walker tried to "sabotage" her complaint by telling her "bogus misinformation about the procedure" to file a complaint in order to "protect private interests of others in her official position."

Finally, Plaintiff alleges that the district courts have not operated in an effective way and that the judges and officers of the court are not performing their responsibilities properly, and are trying to obstruct justice.  She alleges that Chief Judge Simandle "has allowed this behavior and negligence of the district court."  Defendant is seeking ten million dollars "for misconduct by Judge Linares for negligence in the scope of his job."

## II.     Legal Standard

Where, as here, a litigant is proceeding *in forma pauperis*, the Court is required to review the complaint and to *sua sponte* dismiss any claim that is "frivolous or malicious" or "fails to state a claim on which relief can be granted."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, any complaint must comply with the pleading requirements of the Federal

Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

In evaluating whether to dismiss a complaint for failure to state a claim, courts must first separate the factual and legal elements of the claims, and accept all of the Plaintiff's well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d. Cir. 1997). When assessing the sufficiency of a civil complaint, a court therefore must take care to distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. To survive dismissal for failure to state a claim, the allegations of the complaint must "plausibly suggest" that the pleader is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). A *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Here, the Court construes Plaintiff's Complaint liberally, as it is required to do, but nonetheless finds that dismissal of the complaint is warranted.

### III.     Discussion

After reviewing Plaintiff's Complaint, the Court finds, *sua sponte*, that dismissal of the case is required. Plaintiff's Complaint fails to conform to Rule 8(a) of the Federal Rules of Civil Procedure requiring "a short and plain statement of the claim." Furthermore, the Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(ii). The Complaint consists largely of confusing statements, and to the extent that Plaintiff attempts to allege some sort of misconduct on behalf of the Defendants, these allegations are extremely vague and conclusory. Rule 8 requires sufficient allegations to put defendants fairly on notice of the claims against them so that they may adequately respond. *See Conley*, 355 U.S. at 47. Plaintiff's Complaint fails to put Defendants on notice of either the facts giving rise to her claims, as well as precisely what those claims might be.

Even if the Court was to give Plaintiff leave to amend, this amendment would be futile because Plaintiff's claims are all barred by judicial immunity. First, judges are protected with absolute immunity for nearly all judicial acts. There are only two narrow and infrequently applied exceptions to the doctrine of judicial immunity: (1) if the judge engages in nonjudicial acts; or (2) if the judge acts in such a way that, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Gallas v. Supreme Court*, 211 F.3d 760, 769 (3d Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). A judge is entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 456-67 (1978). *See also Forrester v. White*, 484 U.S. 219, 227 (1988) (explaining that a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). "Immunity will not be forfeited because a judge has committed grave procedural errors, or because a judge has conducted a proceeding in an 'informal and ex parte' manner.

Further, immunity will not be lost merely because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (internal citations omitted). This judicial immunity provides immunity from suits, not merely from an assessment of damages. *See Mireles*, 502 U.S. at 11.

Here, Plaintiff fails to assert any allegations against the named judges that would show they acted outside their judicial capacity. Her allegations relate to the actions of a judge handling a federal civil proceeding, in which Plaintiff had asserted or was attempting to assert certain claims. These allegations specifically involve the handling of her application for *in forma pauperis*, and therefore only concern court-related matters occurring during these proceedings. Accordingly, Plaintiff has failed to assert any actionable claim against these judicial defendants. The Complaint contains absolutely no allegations either implying that these judges acted beyond the scope of their judicial authority, or that the named judges acted in the complete absence of all jurisdiction. While Plaintiff alleges that the named judges acted in ways that were unethical or corrupt, allegations of such behavior is not enough to bring a claim against a judge. *Forrester*, 484 U.S. at 227; *Gallas*, 211 F.3d at 769. Therefore, because the named judges are immune from liability for acts committed within their judicial discretion, Plaintiff's claims relating to the named judges must be dismissed with prejudice.

The claims that Plaintiff attempts to bring against Walker must fail for similar reasons. Walker, while acting as a Deputy-in-Charge of the Clerk's Office of the United States District Court for the District of New Jersey, performed quasi-judicial functions as to which she is entitled absolute immunity in many of her actions. *See Gallas*, 211 F.3d at 772-73 (citing *Moore v. Brewster*, 96 F3d 1240, 1244) (9th Cir. 1996)). Here, Plaintiff alleges that Walker gave her "bogus misinformation about the procedure for filing a civil complaint," apparently because of the nature of the case and the defendants involved. Even taking these accusations as true, Walker was "simply carrying out part of [her] official duties" as the Deputy-in-Charge of the Clerk's Office.

*Wicks v. Lycoming County*, 456 F. App'x 112, 115 (3d Cir. 2012) (finding that a court administrator was shielded from liability by the doctrine of quasi-judicial immunity). As a Deputy, Walker is obligated to be involved with the filing of complaints. *See, e.g.*, 28 U.S.C. § 951. Even if Walker had provided "bogus" information about how to file Plaintiff's complaint, this act would receive absolute protection because it falls within her quasi-judicial duties. *See Gallas*, 211 F.3d at 772-73 (explaining that the defendant, a Clerk of the United States District Court, performed many quasi-judicial functions that were protected by absolute immunity even if the defendant had "deceived" the plaintiff regarding the status of issues or acted improperly) (quoting *Moore*, 96 F.3d at 1244); *Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971) (finding judicial immunity applied to the defendants, judicial and quasi-judicial officials, whom included the Clerk of State Courts, a Supervisor on the staff of such Clerk, the Administrative Assistant to the Judge, and the State Court Reporter). Such immunity is essential to quasi-judicial officers, as "[t]he danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts -- alleging as here a conspiracy between the adjunct and the judge -- warrants this extension of the doctrine." *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989). Therefore, Walker is also protected from any claims by Plaintiff due to judicial immunity.

The Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). *See also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (explaining that leave to amend a deficiency in a complaint should be given even if such relief is not sought). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, any amendment of the

Complaint would prove futile because all of the named Defendants have judicial immunity and are therefore barred from suit.  Therefore, the Complaint will be dismissed with prejudice.  *See Shane*, 213 F.3d at 116 (explaining that amendment should not be granted if the amendment would not cure the deficiency).

### IV.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss will be granted.   An appropriate Order follows.


/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge